UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MID-CONTINENT CASUALTY COMPANY,

          Petitioner,

                                  CASE NO.:

vs.

JEDI ACEVEDO CONSTRUCTION CO.;
NELSON ROURA; and
SEGUNDO BARRETO.

          Respondents.
_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, Mid-Continent Casualty Company ("MCC"), an Oklahoma corporation, by and through its undersigned counsel, files this Petition for Declaratory Relief and states as follows:

1. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties as described in detail herein.

## FACTS REGARDING JURISDICTION AND VENUE

2. At all material times, MCC is and was an Oklahoma corporation with its principle place of business in Tulsa, Oklahoma.

3. At all material times, MCC is and was authorized by the Department of Financial Services to issue insurance coverage in Florida.

4. Upon information and belief, at all material times, Jedi Acevedo Construction Co. ("the Insured"), is and was a Florida corporation licensed and doing business in Miami-Dade County, Florida, as a construction company with its principal place of business

located in Monroe County, Florida.

5.     Upon information and belief, at all material times, Nelson Roura is and was a U.S. and Florida citizen and a resident of Miami-Dade County, Florida.

6.     Upon information and belief, at all material times, Segundo Barreto is and was a U.S. and Florida citizen and a resident of Miami-Dade County, Florida.

7.     The amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees and costs. This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

8.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(a) because at least one of the Respondents resides within the district and because a substantial part of the events giving rise to the claim occurred in the district.

## GENERAL ALLEGATIONS

9.     On or about March 23, 2009, MCC issued a policy to the Insured, Policy No. 04-GL-000750912, effective from March 23, 2009, to March 23, 2010 (hereafter the "Policy"). All potentially applicable parts of the certified copy of the Policy are attached hereto collectively as Exhibit "A."

10.    On or about March 30, 2009, the Insured was the general contractor on a landscape construction project at Florida International University.

11.    Segundo Barreto has filed suit against the Insured and Nelson Roura ("Roura") in a Florida state court action styled *Barreto v. Jedi Acevedo Construction Co.*, case no. 09-60007, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "underlying action"). A copy of the Complaint from the underlying action is attached hereto as Exhibit "B."

12. Barreto is suing the Insured as the owner of a "motor vehicle" "negligently maintained and/or operated" by Roura such that "he crashed into [Barreto], a pedestrian," allegedly causing bodily injury. See Exhibit "B."

13. The Policy provides commercial general liability coverage under Section I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, in pertinent part as follows:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

14. The Policy contains the following exclusions pursuant to Section I.2. Exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **g. Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

15. SECTION V – DEFINITIONS of the policy, contains the following definition for "auto":

> 2. "Auto" means:
>
>    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
>    b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.
>
>    However, "auto" does not include "mobile equipment".

16. The Policy also contains the following employment exclusions pursuant to Section I.2. Exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
>
>    (a) Employment by the insured: or
>    (b) Performing duties related to the conduct of the insured's business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

      This exclusion applies whether the insured may be liable as an employer or in any other capacity; and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

17. SECTION V – DEFINITIONS of the policy, defines "employee" and "temporary worker" as follows:

      5. "Employee" includes a "leased worker".

      "Employee" does not include a "temporary worker".

      19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

18. Pursuant to the Policy, the following are insureds:

**SECTION II —WHO IS AN INSURED**

    1. If you are designated in the Declarations as:

      a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

      . . . .

      d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    2. Each of the following is also an insured:

      a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within

5

> the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
>
> (1) "Bodily injury" or "personal and advertising injury":
>
>> (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

19. The complaint in the underlying action alleges that the mechanism of injury was a "motor vehicle," and that the "motor vehicle" was owned by Jedi, the named insured.

20. Pursuant to the Policy, there is no coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by any insured.

21. The duty to defend is determined by comparing the allegations in the complaint to the terms of the insurance policy.

22. MCC seeks a finding by this Court that under the above-referenced policy of insurance MCC has no duty to defend any insured or purported insured in connection with the underlying action because the damage alleged therein is excluded by the "auto exclusion."

23. Barreto was working for the Insured at the time of the alleged injury.

24. Barreto was either an actual employee of the Insured and/or a "statutory employee" of the Insured pursuant to Fla. Stat. 440.10(1)(b).

25. For purposes of the employment exclusions within liability policies such as the Policy at issue herein, there is no distinction between an actual and statutory employee.

26. Barreto was in the course and scope of his employment and/or performing duties related to the conduct of the Insured's business at the time of the alleged injury.

27. Roura was an employee of the Insured working in the course and scope of his employment at the time of Barreto's injuries.

28. Roura and Barreto were co-employees of the Insured.

29. MCC seeks a finding by this Court that under the above-referenced Policy of insurance, MCC has no duty to defend or indemnify any insured or purported insured in connection with the underlying action because the damage alleged therein is excluded by the employment exclusions.

30. MCC also seeks a finding by this Court that under the above-referenced Policy of insurance, MCC has no duty to defend or indemnify Roura in connection with the underlying action because he does not qualify as an insured in connection with allegations concerning bodily injury to a co-employee.

31. MCC is in doubt of its rights under the Policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the aforesaid claim and a finding by this Court that Mid-Continent has no duty to defend or indemnify any insured or purported insured in connection with the underlying Barreto action.

32. There exists a bona fide actual, present and practical need for the declaration of coverage available under the Policy and the rights and obligations of MCC.

33. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of MCC under the Policy.

34. The rights and obligations of MCC under the Policy are dependant upon the facts and the law applicable to the facts affecting coverage under the Policy.

35. MCC and the Respondents have an actual, present controversy in the subject matter described herein.

36. All proper and present interests are before the Court by proper process.

37. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

WHEREFORE, Petitioner, MCC, respectfully requests this Court enter a judgment declaring that:

A. MCC has no duty to defend Jedi or Roura in connection with the underlying action;

B. MCC has no duty to indemnify Jedi or Roura as to any verdicts, judgments, damages, or settlements in connection with the underlying action;

C. MCC further requests judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

Dated: December 6, 2010.

Respectfully submitted,

/s/ *Melanie Bernstein Chapman*
John R. Catizone, Esq.
Florida Bar No. 0695491
Melanie Bernstein Chapman, Esq.
Florida Bar No. 649538

LITCHFIELD CAVO LLP
600 Corporate Drive, Suite 600
Fort Lauderdale, FL 33334
Office: (954) 689-3000
Fax: (954) 689-3001
Email: catizone@litchfieldcavo.com
Email: chapman@litchfieldcavo.com